TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450
    Facsimile: (213) 894-0140
    E-mail:    solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 25-00596-SVW |
| Plaintiff, | GOVERNMENT'S _MOTION IN LIMINE_ TO EXCLUDE IMPROPER JURY NULLIFICATION EVIDENCE AND ARGUMENT REGARDING IMMIGRATION ENFORCEMENT, LAW, OR POLICY |
| v. | |
| LUIS DALHET HIPOLITO, | |
| Defendant. | Hearing Date: February 9, 2026<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the Hon. Stephen Wilson |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Solomon Kim, hereby files this motion in limine to exclude improper jury nullification evidence and argument regarding immigration enforcement, law, or policy.

//

//

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.[1]

Dated: February 2, 2026                Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

           /s/
SOLOMON KIM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[1] The government met and conferred with defense counsel via email, and defense counsel indicated that it was uncertain whether it would stipulate to or oppose this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is not an immigration case.  It is a case about defendant's assault of a federal law enforcement officer.  The sole question for the jury therefore will be whether defendant assaulted the officer, in violation of 18 U.S.C. § 111.

As such, any attempt by defendant, either through argument or testimony, to criticize United States immigration law, enforcement efforts, or policy under the guise of providing context to defendant's actions should be prohibited.  Such evidence or argument serves no relevant purpose, instead serving only to elicit a response from the jury not based on law or fact.  The Court should therefore exclude evidence of and preclude argument regarding any discussion of United States immigration law, enforcement, or policy under Federal Rules of Evidence 402 and 403.

**II.  STATEMENT OF FACTS**

On June 24, 2025, during an immigration enforcement operation in Downtown Los Angeles, officers from U.S. Immigration and Customs Enforcement ("ICE"), accompanied by agents from the Federal Bureau of Investigation ("FBI"), pulled their car to the side of the road to speak with an individual.  When officers approached, several individuals fled.  As one ICE officer, C.G., tried to pursue one of the fleeing subjects, a bystander, Andrea Velez, stepped into his path, made physical contact with him, and prevented him from continuing the pursuit.  As a result, officers C.G. and C.C. tried to arrest Velez.[1]

---

[1] Velez was later charged by criminal complaint, but those charges were dismissed on the government's motion.  See 25-MJ-03896.

While officers were attempting to arrest Velez, defendant stopped his vehicle in the middle of the road, blocking a law enforcement vehicle from leaving. Defendant and his sister exited the car and began filming the officers. Defendant attempted to pull Velez away from the officers, and officers pushed defendant back and repeatedly directed him to step away. Defendant refused to comply and continued filming along with his sister.

Defendant then approached one of the officers and began aggressively yelling, demanding that the officer identify himself. Defendant shouted: "shut the fuck up" and "you're not going to fucking tell me nothing." Defendant admitted to "blocking" the officers and stated that he was calling 911. After officers placed Velez in their vehicle and attempted to leave, defendant, along with several others, stood in front of the lead law enforcement vehicle, blocking its path.[2]

Officer C.C. got out of his car to clear the path. He repeatedly instructed defendant to move, but defendant refused. Defendant continued yelling profanities and walked back closer to C.C. C.C. warned defendant multiple times that he would deploy pepper spray if defendant did not step back. When defendant still refused to comply, C.C. deployed pepper spray.

Immediately after being sprayed, defendant closed the distance between himself and officer C.C. and struck C.C. in the face with a closed fist, breaking his glasses and causing a facial contusion.

---

[2] After being placed in the car, Velez at one point managed to escape and run away. However, LAPD, who had arrived at the scene by that point, caught her and returned her to ICE officers.

Upon witnessing the assault, several officers moved to arrest defendant.  As officers attempted to take defendant into custody, defendant resisted and had to be forced to the ground. Officers struggled to secure defendant's arms to apply handcuffs while defendant continued to resist their efforts.

At the same time, multiple bystanders--both on foot and in vehicles--converged around the officers.  Individuals gathered within close proximity, shouting, filming, and yelling expletives at the officers.  The scene became increasingly chaotic, with officers attempting to maintain control of defendant while also managing the growing crowd and ensuring officer safety.  After several minutes, officers were able to secure defendant in handcuffs and leave the area.

**III. ARGUMENT**

Trial courts "have a duty to forestall or prevent" jury nullification, including by preventing "impermissible" defense questioning or argument.  United States v. Lynch, 903 F.3d 1061, 1079-80 (9th Cir. 2018) (citation omitted).  Because questions and arguments relating to immigration laws or policies are unduly prejudicial and irrelevant, the Court should exclude them.

Evidence must be relevant to defendant's guilt to be admissible. The only evidence admissible at trial is evidence that relates to the elements for the instant offense and that has a "tendency to make a fact more or less probable." Fed. R. Evid. 401.  To prove the charge in the single-count indictment, the government must prove: (1) defendant forcibly assaulted a federal officer; (2) defendant assaulted a federal officer while the officer was engaged in, or on account of his official duties; and (3) defendant made physical

3

contact. Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.). That is what is relevant in this case. On the other hand, the Court may exclude evidence, even relevant evidence, if the probative value is outweighed by a "danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay," or "wasting time." Fed. R. Evid. 403.

Here, any argument or evidence concerning the validity of immigration laws, enforcement, or policy is not relevant to an assault on a federal officer charge. This includes any argument or evidence regarding the legality or propriety of law enforcement's decision to approach an individual on the sidewalk on June 24, 2025, immediately preceding the assault. Introducing evidence or argument concerning such immigration policy or enforcement priorities would improperly transform this straightforward § 111 prosecution into a collateral debate over federal immigration practices. This is not what the jury will be empaneled to decide. Immigration enforcement is a uniquely polarizing subject, particularly in recent times. Allowing the defense to inject policy considerations into this case would invite jurors to evaluate defendant's conduct through a political or emotional lens on a highly charged social issue, rather than applying the law to the facts.

"Unfair prejudice means undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) (internal quotations marks and citation omitted). In other criminal cases in this Circuit--even cases charging immigration crimes--district courts have excluded arguments and accompanying inadmissible evidence aimed at jury nullification. See, e.g., United States v.

4

Castro-Cabrera, 534 F. Supp. 2d 1156, 1162 (C.D. Cal. 2008) (excluding argument and evidence aimed at seeking jury nullification); United States v. Miranda-Oregel, No. 2:10-CR0007-JAM-KJN, 2014 WL 994380, at *3 (E.D. Cal. Mar. 12, 2014) (noting decision "to preclude all arguments and evidence relating to a jury nullification defense"), report and recommendation adopted, No. 2:10-CR-0007 JAM KJN, 2015 WL 871949 (E.D. Cal. Feb. 27, 2015).  The Federal Rules of Evidence plainly do not permit a criminal trial to become a referendum on government policy.  Evidence whose primary effect is to provoke sympathy, outrage, or political disagreement, rather than to prove or disprove an element of the offense has no place before the jury.

**IV.   CONCLUSION**

　　For the foregoing reasons, the government respectfully requests that the Court grant its motion and exclude information about immigration enforcement, law, or policy, including the propriety of law enforcement's decision to approach an individual on the sidewalk on June 24, 2025.

5