TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450
    Facsimile: (213) 894-0140
    E-mail:   solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>LUIS DALHET HIPOLITO,<br><br>    Defendant. | No. CR 25-00596-SVW<br><br>GOVERNMENT'S *MOTION IN LIMINE* TO EXCLUDE ANDREA VELEZ'S COMPLAINT AND SUBSEQUENT DISMISSAL OF COMPLAINT<br><br>Hearing Date: February 9, 2026<br>Hearing Time: 11:00 a.m.<br>Location:   Courtroom of the<br>           Hon. Stephen Wilson |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Solomon Kim, hereby files this motion in limine to exclude Andrea Velez's complaint and subsequent dismissal of complaint.

//

//

//

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.[1]

Dated: February 2, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_____/s/_____
SOLOMON KIM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[1] The government met and conferred with defense counsel via email, and defense counsel indicated that it was uncertain whether it would stipulate to or oppose this motion.

2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3        This motion seeks to prevent defendant from diverting the jury's

4   attention away from the charged assault and toward collateral issues

5   involving a third party's separate arrest and charging history.  At

6   trial, the only question for the jury will be whether defendant

7   forcibly assaulted a federal officer.  Evidence concerning the filing

8   of a criminal complaint against Andrea Velez and the later dismissal

9   of that complaint does not bear on any element of the offenses

10  charged here.

11       To be clear, the government does not seek to exclude evidence of

12  Velez's initial detention, arrest, or her conduct during the

13  encounter with law enforcement to the extent those events provide

14  necessary context for how and why defendant became involved with law

15  enforcement.  Those facts are part of circumstances leading to the

16  charged offense against defendant.  However, permitting the defense

17  to introduce or argue about the procedural and legal history of

18  Velez's case would invite the jury to speculate about matters wholly

19  unrelated to defendant's conduct, create confusion about the issues

20  the jury must decide, and risk unfair prejudice by suggesting

21  inferences untethered to the facts of this case.  Because this

22  evidence is irrelevant under Rule 401, its probative value, if any,

23  is substantially outweighed by the dangers identified in Rule 403,

24  and it should therefore be excluded.

25  **II.   STATEMENT OF FACTS**

26       On June 24, 2025, during an immigration enforcement operation in

27  Downtown Los Angeles, officers from U.S. Immigration and Customs

28  Enforcement ("ICE"), accompanied by agents from the Federal Bureau of

1  Investigation ("FBI"), pulled their car to the side of the road to

2  speak with an individual.  When officers approached, the individuals

3  fled.  As one ICE officer, C.G., tried to pursue one of the fleeing

4  subjects, a bystander, Andrea Velez, stepped into his path, made

5  physical contact with him, and prevented him from continuing the

6  pursuit.  As a result, officers C.G. and C.C. tried to arrest Velez.

7  While officers were attempting to arrest Velez, defendant

8  stopped his vehicle in the middle of the road, blocking a law

9  enforcement vehicle from leaving.  Defendant and his sister exited

10 the car and began filming the officers.  Defendant attempted to pull

11 Velez away from the officers, and officers pushed defendant back and

12 repeatedly directed him to step away.  Defendant refused to comply

13 and continued filming along with his sister.

14 Defendant then approached one of the officers and began

15 aggressively yelling, demanding that the officer identify himself.

16 Defendant shouted: "shut the fuck up" and "you're not going to

17 fucking tell me nothing."  Defendant admitted to "blocking" the

18 officers and stated that he was calling 911.  After officers placed

19 Velez in their vehicle and attempted to leave, defendant, along with

20 several others, stood in front of the lead law enforcement vehicle,

21 blocking its path.[1]

22 Officer C.C. got out of his car to clear the path.  He

23 repeatedly instructed defendant to move, but defendant refused.

24 Defendant continued yelling profanities and walked back closer to

25 C.C.  C.C. warned defendant multiple times that he would deploy

26

27 ───────────────

28     [1] After being placed in the car, Velez at one point managed to
   escape and run away.  However, LAPD, who had arrived at the scene by
   that point, caught her and returned her to ICE officers.

pepper spray if defendant did not step back.  When defendant still refused to comply, C.C. deployed pepper spray.

Immediately after being sprayed, defendant closed the distance between himself and officer C.C. and struck C.C. in the face with a closed fist, breaking his glasses and causing a facial contusion.

Upon witnessing the assault, several officers moved to arrest defendant.  As officers attempted to take defendant into custody, defendant resisted and had to be forced to the ground. Officers struggled to secure defendant's arms to apply handcuffs while defendant continued to resist their efforts.

At the same time, multiple bystanders--both on foot and in vehicles--converged around the officers.  Individuals gathered within close proximity, shouting, filming, and yelling expletives at the officers.  The scene became increasingly chaotic, with officers attempting to maintain control of defendant while also managing the growing crowd and ensuring officer safety.  After several minutes, officers were able to secure defendant in handcuffs and leave the area.

After being arrested, Velez was charged by criminal complaint the next day, on June 25, 2026.  On July 10, 2025, the government moved to dismiss Velez's complaint, which the court granted.  See 25-MJ-03896.

**III. ARGUMENT**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. To be relevant, evidence must have a "tendency to make a fact" that "is of consequence in determining the action" "more or less probable than it would be without the evidence."  Fed. R. Evid. 401; see also United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004)

3

1    (explaining that the district court has "wide discretion" on

2    relevance determinations).

3        Evidence is also excludable when "its probative value is

4    substantially outweighed by a danger of one or more of the following:

5    unfair prejudice, confusing the issues, misleading the jury, undue

6    delay, wasting time, or needlessly presenting cumulative evidence."

7    Fed. R. Evid. 403.  Evidence should be excluded where it would cause

8    the jury to base its decision on something other than proof specific

9    to the charged conduct.  See Old Chief v. United States, 519 U.S.

10   172, 180 (1997) ("unfair prejudice" is evidence with "the capacity. .

11   . to lure the factfinder into declaring guilt on an improper basis

12   rather than on proof specific to the offense charged.").

13       Argument or evidence concerning Velez's complaint and the

14   subsequent dismissal of the complaint should be excluded from

15   defendant's trial.  First, Velez's criminal history with respect to

16   this incident is inadmissible under Federal Rule of Evidence 402

17   because it is not relevant.  Information about legal process--a

18   probable cause arrest, a finding by a magistrate judge that the

19   arrest was supported by probable cause, and the government's decision

20   to move to dismiss those charges--does not have any tendency to make

21   the fact that defendant assaulted officer C.G. more or less probable

22   than it would be without that information.  See Fed R. Evid. 401.

23       Second, this information pertaining to legal process should be

24   excluded under Federal Rule of Evidence 403.  Because information

25   relating to Velez's complaint, and subsequent dismissal of the

26   complaint has no relevance, as explained above, it has no probative

27   value.  As such, any probative value is substantially outweighed by

28   the risk of unfair prejudice, confusing the issues, misleading the

4

jury, and wasting time.  If this information were to be introduced, it would cause unfair prejudice, confuse the jurors, and mislead them because it is a red herring.  The case and trial is about defendant, not Velez.  Velez is no longer facing the charges as alleged in her complaint and any decision by the government to dismiss those charges does not speak to defendant's guilt on the indicted charges in this case.  See United States v. Moreno, 102 F.3d 994, 998 (9th Cir. 1996) ("Without question, the Government has a legitimate interest in excluding evidence which is not relevant or is confusing under Rule 402 and Rule 403 of the Federal Rules of Evidence.").  Introduction of this information would also waste time.  To explain the nuances of the criminal legal process so the jurors understand exactly what happened in Velez's case, including the filing of a complaint against her, the government's decision to move to dismiss the case, and the magistrate judge's subsequent dismissal of the complaint would simply be distracting and waste time.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant its motion and exclude information about Velez's complaint and the subsequent dismissal of the complaint on the government's motion from being introduced during defendant's trial.