TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2450
     Facsimile: (213) 894-0140
     E-mail:   solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>LUIS DALHET HIPOLITO,<br><br>      Defendant. | No. CR 25-00596-SVW<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR ALLEGED BAD ACTS AND PHONE DATA<br><br>Hearing Date: February 9, 2026<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the<br>            Hon. Stephen Wilson |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Solomon Kim, hereby files this Response to defendant's motion in limine to exclude evidence of prior alleged bad acts and phone data.

//

//

1      This Response is based upon the attached memorandum of points

2  and authorities, the files and records in this case, and such further

3  evidence and argument as the Court may permit.

4   Dated: February 6, 2026          Respectfully submitted,

5                                    TODD BLANCHE
                                     Deputy Attorney General
6                                    BILAL A. ESSAYLI
                                     First Assistant United States
7                                    Attorney

8                                    ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
9                                    Acting Chief, Criminal Division

10

11                                   _____/s/_____
                                     SOLOMON KIM
                                     Assistant United States Attorney
12

13                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2       Defendant's motion seeks to exclude evidence at trial of: (1)

3   defendant's marijuana use while on bond; and (2) any evidence derived

4   from defendant's digital devices, namely his two cell phones.  The

5   government does not intend to introduce evidence of defendant's

6   alleged prior drug use as substantive evidence in its case-in-chief

7   and does not oppose exclusion of such evidence for that purpose.  The

8   government, however, reserves the right to impeach defendant's

9   credibility with prior bad acts, consistent with Federal Rule of

10  Evidence 608, should he testify at trial, including an arrest in

11  January 2023 at a border patrol checkpoint in Jamul, California for

12  alien smuggling during which defendant initially lied to law

13  enforcement regarding his smuggling of aliens across the border.

14      The government opposes defendant's request to categorically

15  exclude all evidence obtained from defendant's digital devices.  To

16  the extent such evidence includes audio or video recordings of the

17  charged incident, or other digital evidence, such as text messages,

18  directly related to defendant's conduct, motive, intent, or state of

19  mind with respect the offense, including evidence reflecting animus

20  or hostility toward law enforcement, it is relevant and admissible.

21  Such evidence is probative of the charged conduct and does not

22  constitute impermissible propensity evidence.  See Fed. R. Evid

23  404(b)(2); United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of

24  bias is almost always relevant because the jury, as finder of fact

25  and weigher of credibility, has historically been entitled to assess

26

27

28

all evidence which might bear on the accuracy and truth of a witness'
testimony.").[1]

Accordingly, defendant's motion should be denied insofar as it
seeks to limit the government's ability to impeach defendant's
credibility with specific instances under Rule 608 or to broadly
exclude all digital evidence related to the incident or defendant's
motive or intent.

---

[1] Defendant asserts that the search warrant affidavit contained
generalized allegations regarding defendant's personal participation
in ideologically motivated groups. (Dkt. 44 at 3.) Not so.  The
affidavit referenced only the affiant's general experience with
groups that organize to obstruct federal law enforcement and did so
merely to establish probable cause to search and seize evidence from
defendant's phones relating to a violation of 18 U.S.C. § 372
(Conspiracy to Impede a Federal Officer). The government is not aware
of any evidence tying defendant to an ideologically motivated group
and does not intend to present such evidence at trial.

2