Ricardo A. Nicol, Esq. (SBN 143877)
PACIFIC LAW GROUP
600 W. Santa Ana Boulevard, Suite 801
Santa Ana, CA 92701-4554
Tel : (714) 550-6644
Email : Paclaw1020@gmail.com

Steven K. Ridgill (SBN 338535)
LAW OFFICE OF JUDITH L. WOOD
201 S. Santa Fe Avenue, Suite 101
Los Angeles, CA 90012
Tel : (213) 680-7801
Email : Steven@judy-wood.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LUIS DALHET HIPOLITO, <br><br> Defendant. | Case No.:  CR 25-00596-SVW <br><br> **DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO EXCLUDE IMPROPER JURY NULLIFICATION EVIDENCE AND ARGUMENT REGARDING IMMIGRATION ENFORCEMENT, LAW, OR POLICY** <br><br> Date:         February 9, 2026 <br> Time:        11:00 a.m. <br> Location:   Courtroom of the Hon. Stephen Wilson |

- 1 -

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MIL TO EXCLUDE JURY NULLIFICATION EVIDENCE ETC.

**OPPOSITION MEMORANDUM**

**I.    INTRODUCTION**

The Government seeks a preemptive order broadly prohibiting evidence or argument it characterizes as an attempt to obtain jury nullification. That request is unnecessary, overbroad, and premature. Defendant understands that the Ninth Circuit has not recognized a right to present evidence or argument aimed at jury nullification, and Defendant has no intention of doing so in this matter. Existing law and the Federal Rules of Evidence already prohibit improper arguments designed to encourage jurors to disregard the law, and there is therefore no need for a special order directing Defendant to comply with settled legal principles.

More significantly, to the extent the Government's motion is intended to exclude admissible evidence regarding the circumstances of the encounter and the conduct of the officers involved, it seeks an improper restriction on relevant defense evidence. Defendant is not seeking to place immigration policy on trial, nor does Defendant intend to argue that the jury should acquit based on disagreement with immigration enforcement. Rather, Defendant intends to present admissible evidence relevant to the incident itself, including the sequence of events, the officers' actions, the force used, and the policies and training governing that force. Such evidence is not only relevant under the Federal Rules of Evidence; it is constitutionally protected because it is critical to Defendant's ability to present his

version of events to the jury.

Accordingly, because the Government's motion seeks a generalized and prophylactic ruling untethered to any specific evidentiary showing, it should be denied.

## II. ARGUMENT

### A. DEFENDANT'S MOTION SHOULD BE DENIED

Trial courts possess broad authority to regulate the admission of evidence and argument to ensure that trials are conducted in accordance with the law. Evidence and argument may be excluded if they are irrelevant under Federal Rule of Evidence 402 or if their probative value is substantially outweighed by the dangers identified in Rule 403. Arguments expressly aimed at jury nullification are improper and may be excluded when they arise. However, courts are not required to issue blanket pretrial orders prohibiting conduct that is already forbidden by existing law, particularly where the nature of the evidence and argument has not yet been presented and where existing legal safeguards are sufficient to address any impropriety at trial.

Defendant acknowledges that jury nullification is not a recognized defense in the Ninth Circuit and that evidence or argument expressly aimed at encouraging jurors to disregard the law is improper. *See Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring). Defendant does not intend to present such

evidence or argument. Accordingly, there is no need for the Court to issue an order requiring Defendant to obey the law.

Courts within this Circuit have repeatedly refused to issue preemptive orders barring jury nullification arguments on precisely this basis. In *Gresham v. Petro Stopping Centers, LP*, the court declined to issue an order prohibiting jury nullification arguments, explaining that "[s]uch arguments are indeed improper but require no special order to enforce." 2011 WL 1748569, at *5 (D. Nev. Apr. 25, 2011). The same reasoning applies here. The Court retains full authority to sustain objections, issue curative instructions, or exclude argument should improper advocacy arise at trial.

The Government's request is also premature. At this stage, the precise nature of the evidence and arguments Defendant may present is not yet known. Issuing a broad ruling now would require the Court to speculate about hypothetical arguments that may never be made. Courts have consistently declined to rule in such a vacuum. In *United States v. King*, the court refrained from issuing an order precluding jury nullification because "the precise nature of [the evidence] is unclear, and a ruling would be premature," noting that the court would exclude any irrelevant evidence or argument designed to achieve jury nullification if and when it arose at trial. 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009).

A blanket prohibition also risks sweeping more broadly than necessary and

chilling legitimate, lawful advocacy. The mere possibility that evidence or argument could be misused does not justify a categorical ban in advance of trial.

The appropriate approach is to evaluate relevance and propriety in context, as the evidence is offered, rather than through a generalized pretrial restriction. In addition, the Government's motion appears to seek exclusion of evidence that is directly relevant to the circumstances of the encounter and the actions of the officers involved. To the extent the Government seeks to prevent Defendant from introducing evidence concerning the officers' use-of-force policies, training, and conduct, the motion seeks an improper restriction on admissible defense evidence.

The Federal Rules of Evidence do not permit the Government to obtain a broad order excluding evidence merely by labeling it "immigration" evidence. The defense is not seeking to put immigration policy on trial, nor does Defendant intend to argue that the jury should acquit because it disagrees with immigration enforcement. Rather, Defendant intends to present evidence relevant to what occurred, including evidence bearing on the officers' conduct and the use of force during the encounter.

"The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the [government's] accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *Washington v. Texas*, 388 U.S. 14, 19 (1967). The Supreme Court has made clear that the erroneous exclusion of

- 5 -
DEFENDANT'S OPPOSITION TO GOVERNMENT'S MIL TO EXCLUDE JURY NULLIFICATION EVIDENCE ETC.

critical defense evidence may violate both the Fifth Amendment due process right and the Sixth Amendment right to present a defense. *Chambers*, 410 U.S. at 294; *Washington*, 388 U.S. at 18–19. Excluding Mr. Hipolito's self-defense evidence would severely impede his constitutional rights to a fair trial and to present a complete defense. See also *Taylor v. United States*, 484 U.S. 400, 410 (1988); Fed. R. Evid. 403.

A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998). The jury must unanimously reject a defendant's self-defense theory in order to find him guilty. *United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008). The Ninth Circuit has further recognized that evidence supporting a defendant's position that an officer used unlawful or excessive force is properly reserved for the jury's evaluation. See *United States v. Span*, 970 F.2d 573, 580–81 (9th Cir. 1992); *United States v. Moore*, 483 F.2d 1361, 1364–65 (9th Cir. 1973).

Multiple video recordings of the incident and the anticipated testimony of Defendant Luis Hipolito and other witnesses will support Defendant's defense that contact between Officer C.C. and Mr. Hipolito was initiated by Officer C.C.'s use of unlawful and excessive force. One recording reflects the relevant sequence of

events at approximately thirty-seven minutes and fifty seconds, and another reflects the same events at approximately thirty seconds. There does not appear to be any body camera footage from the officer who initiated the contact. These recordings provide a foundation for a reasonable jury to conclude that Officer C.C. used excessive force, thereby triggering Mr. Hipolito's right to defend himself. *Span*, 970 F.2d at 580–81; *Moore*, 483 F.2d at 1364–65. Mr. Hipolito's response was a defensive reaction to unlawful force and not retaliatory, making the issue of the officer's use of force one properly reserved for the jury to evaluate.

As stated in *Washington*, the right to present corroborative testimony "is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Washington*, 388 U.S. at 19. Mr. Hipolito and any witnesses to the initial attack by Officer C.C. cannot be precluded from providing critical testimony that supports his self-defense claim.

The video evidence, combined with witness testimony, provides the necessary foundation for the jury to consider whether Mr. Hipolito reasonably believed that force was necessary and whether his response was proportionate. The determination of whether the officer's force was lawful is a question for the jury. *Ramirez*, 537 F.3d at 1083. Denying Mr. Hipolito the opportunity to present self-defense evidence would improperly deprive the jury of the ability to weigh the

- 7 -
DEFENDANT'S OPPOSITION TO GOVERNMENT'S MIL TO EXCLUDE JURY NULLIFICATION EVIDENCE ETC.

facts, including the timing and context of the initial strike, and to evaluate the reasonableness of his response.

Defendant anticipates offering evidence at trial that includes the video recordings of the incident, testimony from Defendant and other percipient witnesses regarding the officers' actions and the sequence of events, cross-examination of the Government's witnesses regarding the force used and the warnings provided, and evidence of the applicable ICE use-of-force policies and training materials governing pepper spray deployment and officer escalation. This evidence is not offered to argue immigration policy, criticize immigration enforcement, or invite jurors to decide the case based on political considerations. It is offered because it is relevant to what occurred during the encounter, including the actions of Officer C.C. and the reasonableness of the force used. Excluding such evidence in advance, based solely on the Government's generalized concern that the jury may react to the subject matter, would improperly and unconstitutionally restrict Defendant's ability to present his case.

Since evidence of the use-of-force policies promulgated by U.S. Immigration and Customs Enforcement, and the policies and training used by Officer C.C. and other officers involved in the incident, is directly relevant and potentially probative of these issues, it should not be excluded. Defendant should not be deprived of a fair opportunity to present admissible evidence merely because the Government

- 8 -
DEFENDANT'S OPPOSITION TO GOVERNMENT'S MIL TO EXCLUDE JURY NULLIFICATION EVIDENCE ETC.

characterizes any discussion of the incident's circumstances as "immigration enforcement" evidence.

### B. IN THE ALTERNATIVE, IF THE COURT INTENDS TO EXCLUDE DEFENSE EVIDENCE REGARDING IMMIGRATION ENFORCEMENT, LAW, OR POLICY, THE GOVERNMENT SHOULD ALSO BE PRECLUDED FROM INTRODUCING THE SAME

To the extent the Government seeks to exclude defense evidence regarding ICE's use-of-force policies and officer training, it should likewise be precluded from introducing such policies or training materials through its own witnesses—whether percipient or expert. The Government cannot have it both ways: it cannot characterize such materials as "irrelevant" or improperly leading to jury nullification when offered by the defense, while relying on the same materials to bolster its case through expert narrative or government-trained officer testimony.

If ICE policies and procedures governing use-of-force are excluded for one party, they must be excluded for both. Otherwise, the Government would be permitted to introduce contextual or explanatory testimony through law enforcement experts while simultaneously denying the Defendant the right to rebut or contextualize that evidence—a result contrary to due process and the rule of completeness under FRE 106.

Furthermore, allowing the Government to introduce such expert testimony—without strict compliance with disclosure rules under Rule 16 and Daubert—risks permitting speculative, generalized opinions cloaked as expertise. As courts have emphasized, "education, training, and experience" alone cannot substitute for a reliable foundation. *See United States v. Valencia-Lopez*, 971 F.3d 891, 900 (9th Cir. 2020). The responding officer should not be permitted to testify as an expert.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny the Government's motion in limine to the extent it seeks a general and preemptive order prohibiting Defendant from presenting evidence or argument purportedly aimed at jury nullification and/or seeks to exclude evidence relevant to Defendant's defense.

Respectfully submitted,

Dated this date of February 6, 2026,

/s/ [Steven K. Ridgill]
Steven Ridgill, SBN 338535
LAW OFFICE OF JUDITH L. WOOD
201 South Santa Fe Ave., Suite 101
Los Angeles, CA 90012
(213) 680-7801
steven@judy-wood.com

*Attorney for Petitioner*