1 | BILAL A. ESSAYLI
First Assistant United States Attorney
2 | ALEXANDER B. SCHWAB
Assistant United States Attorney
3 | Acting Chief, Criminal Division
SOLOMON KIM (Cal. Bar No. 311466)
4 | Assistant United States Attorney
Major Frauds Section
5 |      1100 United States Courthouse
       312 North Spring Street
6 |      Los Angeles, California 90012
       Telephone: (213) 894-2450
7 |      Facsimile: (213) 894-0140
       E-mail:    solomon.kim@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

10 |              UNITED STATES DISTRICT COURT

11 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          No. CR 25-00596

13 |            Plaintiff,             STIPULATION REGARDING REQUEST FOR
                                       (1) CONTINUANCE OF TRIAL DATE AND
14 |              v.                   (2) FINDINGS OF EXCLUDABLE TIME
                                       PERIODS PURSUANT TO SPEEDY TRIAL
15 | LUIS DALHET HIPOLITO,             ACT

16 |            Defendant.             **CURRENT TRIAL DATE:**   2/24/26
                                       **PROPOSED TRIAL DATE:**   3/31/26
17 |

18 |

19 |       Plaintiff United States of America, by and through its counsel

20 | of record, the First Assistant United States Attorney for the Central

21 | District of California and Assistant United States Attorney Solomon

22 | Kim, and defendant Luis Dalhet Hipolito ("defendant"), both

23 | individually and by and through his counsel of record, Ricardo Nicol

24 | and Steven Ridgill, hereby stipulate as follows:

25 |       1.    The Indictment in this case was filed on July 15, 2025.

26 | Defendant first appeared before a judicial officer of the court in

27 | which the charges in this case were pending on June 26, 2025.  The

28 |

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

2  trial commence on or before September 23, 2025.

3      2.   On July 22, 2025, the Court set a trial date of September

4  9, 2025.

5      3.   Defendant is released on bond pending trial.  The parties

6  estimate that the trial in this matter will last approximately two to

7  three days

8      4.   By this stipulation, defendant moves to continue the trial

9  date to March 31, 2026, and the status conference to March 23, 206.

10  This is the second request for a continuance.

11      5.   Defendant requests the continuance based upon the following

12  facts, which the parties believe demonstrate good cause to support

13  the appropriate findings under the Speedy Trial Act:

14          a.   Defendant is charged with a violation of 18 § U.S.C.

15  111(a)(1), (b):  Assault on a Federal Official.  The government has

16  produced discovery to the defense, including over approximately 160

17  pages of reports, audio, and video recordings.

18          b.   In light of the foregoing, counsel for defendant also

19  represent that additional time is necessary to confer with defendant,

20  conduct and complete an independent investigation of the case,

21  conduct and complete additional legal research including for

22  potential pre-trial motions, review the discovery and potential

23  evidence in the case, and prepare for trial in the event that a

24  pretrial resolution does not occur.  Defense counsel represent that

25  failure to grant the continuance would deny him reasonable time

26  necessary for effective preparation, taking into account the exercise

27  of due diligence.

28

2

1        c.    Defendant believes that failure to grant the

2   continuance will deny him continuity of counsel and adequate

3   representation.

4        d.    The government does not object to the continuance.

5        e.    The requested continuance is not based on congestion

6   of the Court's calendar, lack of diligent preparation on the part of

7   the attorney for the government or the defense, or failure on the

8   part of the attorney for the Government to obtain available

9   witnesses.

10       6.    For purposes of computing the date under the Speedy Trial

11  Act by which defendant's trial must commence, the parties agree that

12  the time period from February 24, 2026 to March 31, 2026, inclusive,

13  should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

14  (h)(7)(B)(i) because the delay results from a continuance granted by

15  the Court at defendant's request, without government objection, on

16  the basis of the Court's finding that: (i) the ends of justice served

17  by the continuance outweigh the best interest of the public and

18  defendant in a speedy trial; (ii) failure to grant the continuance

19  would be likely to make a continuation of the proceeding impossible,

20  or result in a miscarriage of justice; and (iii) failure to grant the

21  continuance would unreasonably deny defendant continuity of counsel

22  and would deny defense counsel the reasonable time necessary for

23  effective preparation, taking into account the exercise of due

24  diligence.

25       7.    Nothing in this stipulation shall preclude a finding that

26  other provisions of the Speedy Trial Act dictate that additional time

27  periods be excluded from the period within which trial must commence.

28  Moreover, the same provisions and/or other provisions of the Speedy

1  Trial Act may in the future authorize the exclusion of additional

2  time periods from the period within which trial must commence.

3      IT IS SO STIPULATED.

4   Dated: February 18, 2026         Respectfully submitted,

5                                    BILAL A. ESSAYLI
                                     First Assistant United States
6                                    Attorney

7                                    ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
8                                    Acting Chief, Criminal Division

9
                                           /s/
10                                   SOLOMON KIM
                                     Assistant United States Attorney
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     4

1    I am LUIS HIPOLITO's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than March 31, 2026 is an

7  informed and voluntary one.

8    /s/ with authorization          2/18/26
   STEVEN RIDGILL                   Date
9  RICARDO NICOL
   Attorney for Defendant
10 LUIS HIPOLITO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5